**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4579
_____

JOHN LOSCOMBE,

Appellant

v.

CITY OF SCRANTON; CITY OF SCRANTON, FIRE PENSION
COMMISSION; FIREMEN'S RELIEF AND PENSION FUND COMMISSION; CITY
OF SCRANTON COMPOSITE PENSION BOARD; MAYOR CHRIS DOUGHERTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-01182)
District Judge: Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2014

BEFORE: VANASKIE, COWEN AND VAN ANTWERPEN,  Circuit Judges

(Filed: January 28, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

COWEN, Circuit Judge.

The plaintiff-appellant, John Loscombe ("Appellant"), appeals the District Court's orders dismissing several of his claims and granting summary judgment on his remaining claims. We will affirm.

**I.**

Because we write solely for the parties, we will only set forth the facts necessary to inform our analysis.

Defendants-Appellees in this case fall into two categories. First, the City of Scranton (the "City") and Mayor Chris Doherty (together, the "City Defendants") and second, the City of Scranton Firemen's Pension Commission, the Firemen's Relief and Pension Fund Commission, and the City of Scranton Composite Pension Board (collectively, the "Pension Board Defendants" and together with the City Defendants ("Appellees")).

Appellant was a Fire Captain for the City of Scranton (the "City") until he was forced to retire due to injuries he sustained in a work-related accident. For his service, he received a disability retirement pension from the City's Fire Department. Following his retirement from the City's Fire Department, Appellant accepted an offer to serve as a member of the Scranton City Council. Because Appellant was serving as a City Council member, the City Defendants directed the Pension Board Defendants to suspend his pension, which they did. Although not explicit in Appellant's third amended complaint, all parties appear to agree that his pension was suspended pursuant to a city ordinance,

2

Section 99-80 a/k/a Section 24 of File of Council No. 14 of 1964 (the "Ordinance"). The Ordinance provides that:

> When any fireman is pensioned and thereafter enters the service of the City in any capacity with compensation the pension of such person shall be suspended during his term of service. Upon termination of such compensated service the pension payments shall be resumed on request of the pensioner.

Scranton, Pa., Code of the City of Scranton, ch. 99, art. V, § 99-80 (1997).

Appellant raised a series of constitutional claims challenging the Ordinance and the suspension of his pension benefits. In orders dated August 10, 2012 and May 20, 2013, the District Court dismissed several of these claims, while allowing others to proceed. In a subsequent order of October 20, 2013, the District Court granted summary judgment to Appellees on all of the remaining claims. Appellant now seeks review of these orders.

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine

dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 422–23 (3d Cir. 2006). We may affirm on any basis supported by the record. *Fairview Twp. v. EPA*, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

A.    <u>Fourteenth Amendment Equal Protection Claim</u>

At the outset, we find Appellant's argument that the Ordinance does not apply to him to be wholly without merit. There is no exception in the Ordinance for individuals who hold political positions. Nor is it relevant whether Appellant is an employee of the City. The Ordinance merely requires that an individual be a "fireman [who] is pensioned" and that he "thereafter enters the service of the City in any capacity." Scranton, Pa., Code of the City of Scranton, ch. 99, art. V, § 99-80 (1997). Neither fact can seriously be disputed.

Appellant argues that the Ordinance is nonetheless invalid under the Fourteenth Amendment's Equal Protection Clause. He claims that the Ordinance should be subject to heightened scrutiny because it impermissibly interferes both with his right to run for office and with the voters' rights. However, "[t]he right to run for office has not been deemed a fundamental right," *Biener v. Calio*, 361 F.3d 206, 215 (3d Cir. 2004) (citing *Bullock v. Carter*, 405 U.S. 134, 142-43 (1972)), and Appellant "cannot establish an infringement on the fundamental right to vote, because voter's rights are not infringed where a candidate chooses not to run because he is unwilling to comply with reasonable state requirements." *Id.* (internal quotation marks and citation omitted).

4

Rather, economic legislation, such as the Ordinance, will be upheld it if bears a rational relation to a legitimate state objective. *Schweiker v. Wilson*, 450 U.S. 221, 238 (1981). Here, the Ordinance furthers the legitimate public purpose of preventing "double dipping" by suspending the pension benefits of retired City firemen who are also receiving active employment benefits from the City. *See Connolly v. McCall*, 254 F.3d 36, 42-43 (2d Cir. 2001) (concluding that the disparity of treatment in New York State's pension law was a reflection of the state's legitimate interest in protecting the public fisc and "saving money by barring pension practices that have the character of 'double-dipping'" and therefore did not violate the equal protection clause). The Ordinance, therefore, does not violate the Equal Protection Clause.

B.      First Amendment Claims

Appellant also asserts that the Ordinance violates his First Amendment rights. To the extent Appellant's argument is based on a fundamental right to run for office, we have already rejected that premise. But Appellant additionally argues that by limiting his ability to run for office, the Ordinance impermissibly infringes on his First Amendment freedom of association.

As an initial matter, the District Court properly concluded that the Ordinance is content neutral. "When determining whether a statute is content neutral, a principal consideration is whether the government has adopted a regulation of speech because of disagreement with the message it conveys, or instead, adopted that regulation for some other purpose collateral to the protected speech." *Free Speech Coal., Inc. v. Attorney*

5

*Gen. of U.S.*, 677 F.3d 519, 533 (3d Cir. 2012) (internal quotation marks and citation omitted). "In other words, the government's purpose is the controlling consideration, and a regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Id.* (internal quotation marks and citation omitted). Notwithstanding Appellant's arguments to the contrary, as the District Court correctly noted, there is "no suggestion in the Ordinance itself or in the [amended complaint] that this law was in any way crafted with an eye towards suppressing speech or association." *Loscombe*, 902 F. Supp. 2d at 544.

Despite being content neutral, Appellant asserts that the Ordinance should be found to violate his First Amendment rights. More specifically, he argues that the Ordinance does not advance any significant state interest and that, even if it does, it is not narrowly tailored to serve that interest. To be narrowly tailored, a regulation "'need not be the least restrictive or least intrusive means of' furthering the identified interest." *Johnson v. City and Cnty. of Phila.*, 665 F.3d 486, 491 (3d Cir. 2011) (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 798 (1989)). Rather, it must simply "'promote[ ] a substantial government interest that would be achieved less effectively absent the regulation.'" *Id.* (quoting *Ward*, 491 U.S. at 799).

The Ordinance meets this standard. The Supreme Court has suggested that states retain an important interest in protecting the public fisc. *See Brock v. Pierce County.*, 476 U.S. 253, 262 (1986) (noting that state has an interest in protecting the public fisc and that its "protection . . . is a matter that is of interest to every citizen"); *see also C & A*

*Carbone, Inc. v. Town of Clarkstown, N.Y.*, 511 U.S. 383, 429 (1994) (Souter, J., dissenting) (disagreeing with the majority's invalidation of a state ordinance on the grounds that it violated the Commerce Clause, in part, because "[p]rotection of the public fisc is a legitimate local benefit directly advanced by the ordinance and quite unlike the generalized advantage to local businesses that we have condemned as protectionist in the past."). And, as the District Court concluded, the aim of preventing "double dipping" would be less effectively achieved in the absence of the Ordinance because individuals like Appellant would be able to simultaneously collect a pension from the City as well as a salary.

Persevering, Appellant argues that the Ordinance is unconstitutionally underinclusive and overinclusive. He argues that the Ordinance is underinclusive because it singles out disabled public safety pensioners. But as Appellant concedes in discussing why the Ordinance is overinclusive, the Ordinance does not distinguish between those receiving disability benefits from those receiving any other kind of public pension.

Nor is the Ordinance overinclusive. Appellant argues that the Ordinance is constitutionally infirm because it does not distinguish between those receiving traditional retirement benefits and those receiving disability benefits. But the statute's aim of guarding against double dipping is achieved by including all pensioned firemen, regardless of the type of pension a particular fireman may be receiving. *Cf. Doe v. Pa. Bd. of Probation and Parole*, 513 F.3d 95, 117-18 (3d Cir. 2008) (quoting *Vance v. Bradley*, 440 U.S. 93, 108 (1979)) ("'[E]ven if the classification involved . . . is to some

7

extent both underinclusive and overinclusive, and hence the line drawn by [the legislature] imperfect, it is nevertheless the rule that . . . perfection is by no means required.'") (all alterations but the first in original). The District Court's orders will therefore be affirmed in this regard.

C.     Fourteenth Amendment Due Process Claims

Appellant raises both substantive and procedural due process claims. Although, as an initial matter, we will assume, *arguendo*, that Appellant has a property right in his disability pension benefits, the District Court correctly dismissed both of these claims.

As to the substantive due process claim, we note that different standards govern depending on whether an individual challenges a legislative act or a non-legislative state action. *Compare Am. Express Travel Related Services, Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012) ("In a case challenging a legislative act . . . the act must withstand rational basis review."), *with Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 660-62 (3d Cir. 2011) (applying a "shock the contemporary conscience" test because the challenged conduct was non-legislative action).

In dismissing the claim, the District Court appropriately concluded that Appellant's claim involved non-legislative action and found it "not patently shocking that a city would suspend a worker's pension while they are receiving another stream of income from that city." *Loscombe v. City of Scranton*, 902 F. Supp. 2d 532, 542 (M.D. Pa. 2012). Nonetheless, even if we were to assume that Appellant's claim challenged a legislative act, for the reason expressed by the District Court, it would likewise fail

8

rational basis review.

Nor can Appellant establish that his procedural due process rights have been violated because he was not provided with a pre-suspension hearing. We have concluded on prior occasions that "a pre-termination hearing was not required when there was no underlying factual dispute to be hashed out in the hearing." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citing *Codd v. Velger*, 429 U.S. 624, 627-28 (1977)). Given that the suspension of Appellant's pension was based on the Appellees' statutory reading and there was no factual dispute to resolve, Appellant cannot demonstrate a violation of his procedural due process rights due to a lack of a hearing.[1] Moreover, to the extent Appellant argues that he was not afforded any post-suspension process, this claim is belied by the record. (*See* App. 526-27 (noting that Appellant could have appeared before the Composite Board to argue that there had been a substantial change or for reconsideration of his suspension).) We accordingly conclude that the District Court properly dismissed the due process claims.

D.    Fifth Amendment Claims

We are not persuaded by Appellant's assertion that the Ordinance is unconstitutionally vague. Although it does not define the term "service," that term has a

---

[1] On appeal, Appellant attempts to raise factual issues regarding the applicability of the Ordinance to him that he argues necessitated a hearing. However, Appellant's own opening brief more appropriately characterizes these "facts" as disagreements with the City's interpretation of the statute. Thus, the District Court, relying on Appellant's amended complaint, properly concluded that "additional factfinding was not needed to determine that [Appellant] fell within [the Ordinance's] purview." *Loscombe*, 902 F. Supp. 2d at 543.

"plain and ordinary meaning that does not need further technical explanation." *United States v. Tykarsky*, 446 F.3d 458, 473 (3d Cir. 2006). Moreover, the Ordinance specifies that it is service to the City "in any capacity," which we conclude provides a person of ordinary intelligence with adequate notice of the conduct at issue. Accordingly, the District Court correctly dismissed this claim.

Appellant's "takings claim" meets a similar fate. The Fifth Amendment Takings Clause "proscribes the taking of private property for public use, without just compensation." U.S. Const. amend. V; *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 290 (3d Cir. 2001). However, notwithstanding that Appellant's third amended complaint alleged that Appellees seized his disability pension, used it for their own purposes, and did so without just compensation, as the District Court noted, he adduced no evidence and provided no substantive explanation for these allegations. We therefore conclude, as did the District Court, that summary judgment on this claim was appropriate.

### III.

In light of the foregoing, the orders of the District Court entered on August 10, 2012, May 20, 2013, and October 30, 2013, will be affirmed.